# UNITED STATES *v.* SALAMBIER

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 117. Submitted May 6, 1898. — Decided May 23, 1898.

A protest by an importer, addressed to the collector and signed by the importer saying, "I do hereby protest against the rate of 50 % assessed on chocolate imported by me, Str. La Bretagne, June 23/91. . Import entry 96,656. — M. S. No. 52/53, I claiming that the said goods under existing laws are dutiable at 2 cts. per lb., and the exaction of a higher rate is unjust and illegal. I pay the duty demanded to obtain possession of the goods, and claim to have the amt. unjustly exacted refunded," is, in form and substance a sufficient compliance with the requirements of section 14 of the act of June 10, 1890, c. 407, 26 Stat. 131, 137.

A JUDGMENT or decree of the Circuit Court of the United States for the Southern District of New York having been made and entered on the 4th day of January, 1895, by which it was ordered, adjudged and decreed that there was no error in certain proceedings before the board of United States general appraisers, and that their decision be in all things affirmed, and an appeal having been duly taken from said judgment or decree to the Circuit Court of Appeals by the United States, and the cause having come on for argument in that court, a certain question of law arose concerning which that court desired the instruction of the Supreme Court of the United States for its proper decision.

The facts out of which the question arose are as follows:

Certain merchandise consisting of sweetened chocolate in the form of small cakes or tablets manufactured from cocoa sweetened with sugar, known commercially as sweetened chocolate, was imported and entered for consumption by the appellee, M. Salambier, from a foreign country into the port of New York on June 23, 1891, which merchandise was classified for customs duties at fifty per cent ad valorem by the collector of the port of New York under the provisions of paragraph 239 of the tariff act of October 1, 1890, and the duty was liquidated accordingly.

The importer and appellee protested against this exaction and duly filed the following protest:

"NEW YORK, *July* 26, 1891.

"Hon. JOEL B. ERHARDT, *Collector.*

"Sir: I do hereby protest against the rate of 50% assessed on chocolate imported by me, Str. La Bretagne, June 23/91. Import entry 96,656. — M. S. No. 52/53.

"I, claiming that the said goods under existing laws are dutiable at 2 cts. per lb., and the exaction of a higher rate is unjust and illegal, I pay the duty demanded to obtain possession of the goods, and claim to have the amt. unjustly exacted refunded.

"Very respectfully,            M. SALAMBIER,
                              "J. H. DUMONT, *Atty.*"

The collector of the port of New York thereupon transmitted the said protest with the invoice and entry to the board of three general appraisers on duty at the port of New York, and said board on December 10, 1892, rendered their decision reversing the decision of the collector, and holding that the said merchandise was dutiable at 2 cents per pound under paragraph 319 of the tariff act of October 1, 1890, and that the importer should not be deprived of his remedy by reason of having failed to specifically claim classification of the said imported merchandise as a manufacture of cocoa under said paragraph 319.

From this decision of the board of United States general appraisers the United States appealed to the Circuit Court of the United States for the Southern District of New York, by petition, praying for a review of said decision pursuant to section 15 of the act of June 10, 1890, claiming in their petition, among other things, that the said board were in error in failing to hold that the protest in question was insufficient and invalid, inasmuch as it did not set forth distinctly and specifically the reasons for the importer's objection to the collector's decision as to the rate and amount of duties charged upon the merchandise according to the provisions of law; also

in deciding an issue not raised by the protest or arising in the case; also in entertaining said protest and in failing to find the issue of law with the collector of customs; also in reversing the decision of the collector aforesaid in the premises.

The said Circuit Court, upon said petition, ordered the board of United States general appraisers to return to the Circuit Court the record and the evidence taken by them, together with a certified statement of the facts involved in the case and their decision thereon, pursuant to section 15 of the act of June 10, 1890, and the said board of general appraisers thereafter made such return in conformity to the order of the court.

The case thereafter came on to be tried upon the record as above set forth and upon the invoice and entry, before Hon. Hoyt H. Wheeler, District Judge holding the said Circuit Court. The Circuit Court affirmed the decision of the board of general appraisers herein and judgment was thereupon made and entered as above set forth, from which judgment the present appeal was taken by the United States to this court.

Upon these facts that court desired instruction upon the following question of law for the proper decision of said cause, namely:

"Was the protest herein above set forth a good and sufficient protest under existing law against the decision of the collector in his assessment of duty upon the appellee's importation of sweetened chocolate, under the tariff act of October 1, 1890?

"And to that end that court hereby certifies such question to the Supreme Court of the United States."

*Mr. Assistant Attorney General Hoyt* for the United States.

*Mr. Edwin B. Smith* for Salambier.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

It was decided by the United States Circuit Court of Appeals for the Second Circuit, in *United States* v. *Schilling*, 11 U. S.

App. 603, that "sweetened chocolate" was dutiable under. paragraph 319 of the tariff act of October 1, 1890, at the rate of two cents per pound, as "cocoa, prepared or manufactured, not especially provided for in the act."

From that decision the United States took no appeal. In the present case, the board of general appraisers held that "sweetened chocolate" was dutiable at the rate of two cents per pound under said paragraph 319. The United States appealed from the decision of the board of appraisers to the Circuit Court of the United States for the Southern District of New York, not on the ground that the merchandise in question was not properly dutiable, under paragraph 319, at two cents per pound, but claiming that the protest made by the importer against the decision of the collector, who had assessed. the sweetened chocolate, under paragraph 239 of said act, at fifty per cent ad valorem, was not a sufficient protest under existing law. From the judgment of the Circuit Court affirming the decision of the board of general appraisers an appeal was taken by the United States to the Circuit Court of Appeals, and that court has certified to us the single question of the legal sufficiency of the protest which, omitting unnecessary words and figures, was as follows:

"I do hereby protest against the rate of 50% assessed on chocolate imported by me, Str. La Bretagne, June 23, '91. . .. . I, claiming that the said goods under existing laws are dutiable at two cents per pound, and the exaction of a higher rate is unjust and illegal, I pay the duty demanded to obtain possession of the goods and claim to have the amount unjustly exacted refunded."

By the fourteenth section of an act approved June 10, 1890, 26 Stat. 131, entitled "An act to simplify the laws in relation to the collection of the revenues," Congress enacted—

"That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character, (except duties on tonnage,) shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee or agent of such merchandise,

or the person paying such fees, charges and exactions, other than duties, shall, within ten days after, ' but not before,' such ascertainment and liquidation of duties, as well in cases of merchandise entered in bond as for consumption, or within ten days after the payment of such fees, charges and exactions, if dissatisfied with such decision, give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for. his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon."

The three paragraphs concerned are as follows :

239. " All other confectionery, including chocolate confectionery, not specially provided for in this act, fifty per centum ad valorem."

318. " Chocolate, (other than chocolate confectionery and chocolate commercially known as sweetened chocolate,) two cents a pound."

319. "Cocoa, prepared or manufactured, not specially provided for in this act, two cents per pound."   26 Stat. 584, 588.

It is not claimed on behalf of the Government in the present case that the protest was not made in writing by a person entitled to do so; or that it was not made within due time; or that the requisite payment under protest has not been duly made.   In other words, it is conceded that the importer, within the time prescribed in the statute, and having paid the full amount of the duties exacted, gave notice in writing to the collector that he was dissatisfied with his decision, and gave certain reasons for his objections thereto.

What is claimed by the Government is that the nature of the importer's objections to the decision of the collector was not set forth with the distinctness and with the minuteness of specification required by the statute.

It does not appear that the collector deemed the protest insufficient in form or unintelligible.   Not complaining of any want of distinctness in the protest, he adhered to his decision as to the nature of the merchandise and the amount of the duty, and, in pursuance of the statute, transmitted the protest

with the invoice and entry to the board of general appraisers.
The board regarded the protest as sufficient in respect to
form and distinctness, reversed the decision of the collector
and held that the merchandise was dutiable at two cents per·
pound under paragraph 319 of the tariff act.

As already stated, it is admitted by the Government that
the collector was wrong in his classification of the imported
article, and that the duty assessed by the board of general
appraisers is the one that should have been exacted from the
importer. Still, it is contended that the importer has lost his
remedy by reason of having failed to specifically claim classi-
fication of the imported merchandise as a manufacture of
cocoa under said paragraph 319.

Apart from the authorities cited, and which we shall pres-
ently examine, we have no difficulty in agreeing with the
board of appraisers, and with the Circuit Court, that the pro-·
test was, in form and substance, a reasonable compliance with
the law. The object of the statute, in requiring a protest,
was to distinctly inform the collector of the position of the
importer. In this instance, it was impossible for the collector
to have read the protest without perceiving that his classifica-
tion of the merchandise, as dutiable under paragraph 239 of
the tariff act, at fifty per cent ad valorem, was objected to,
and that the importer claimed that, under the law, the goods
were dutiable at two cents per pound. The collector could
not have been perplexed by the omission to name the specific
paragraph which the importer sought to have applied, for
there were but two paragraphs, besides 239, which dealt
with the subject, namely paragraphs 318 and 319, and under
either of them the duty was that claimed by the importer,
two cents per pound.

The conclusion thus reached is consistent with the authori-
ties to which our attention has been called in the briefs of the
respective parties:

"We are not disposed to exact any nice precision, nor to
apply any strict rule of construction upon the notices required
under this statute. It is sufficient if the importer indicates
distinctly and definitely the source of his complaint and his

design to make it the foundation for a claim against the government." *Greely's Administrator* v. *Burgess*, 18 How. 413.

"Persons importing merchandise are required to make their protests distinct and specific, in order to apprise the collector of the nature of the objection, before it is too late to remove it, or to modify the exaction, and that the proper officers of the Treasury may know what they have to meet, in case they decide to exact the duties as intimated, notwithstanding the objection, and to expose the United States to the risk of litigation." *Curtis's Administratrix* v. *Fiedler*, 2 Black, 461.

"The object of the requirement is to prevent a party, if he suffers a mistake or oversight to pass without notice, from taking advantage of it when it is too late to make the correction, and to compel him to disclose the grounds of his objection at the time when he makes his protest. . . . Technical precision is not required; but the objections must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated." *Davies* v. *Arthur*, 96 U. S. 148.

"A protest is not required to be made with technical precision, but is sufficient if it shows fairly that the objection afterwards made at the trial was in the mind of the party and was brought to the knowledge of the collector, so as to secure to the Government the practical advantage which the statute was designed to secure." *Arthur* v. *Morgan*, 112 U. S. 495.

"A protest which indicates to an intelligent man the ground of the importer's objection to the duties levied upon the articles should not be discarded because of the brevity with which the objection is stated." *Schell's Executors* v. *Fauché*, 138 U. S. 562; *Heinze* v. *Arthur's Ex'rs*, 144 U. S. 28.

In *Herrman* v. *Robertson*, 152 U. S. 521, a protest was held insufficient, in that it failed to point out, or suggest in any way, the provision which actually controlled, and in effect only raised a question which of two clauses, under one or the

other of which it was assumed that the importation came, should govern as most applicable.

*Under these and other authorities which we have examined, we conclude that the notice was sufficient, and accordingly answer the question certified to us by the Circuit Court of Appeals in the affirmative, and it is so ordered.*