In re CLAFLIN et al.

(Circuit Court, D. Massachusetts.    February 10, 1902.)

No. 1,087.

CUSTOMS ADMINISTRATION—SUFFICIENCY OF PROTEST.

Paragraph 439 of the tariff act of 1897 provides that "gloves made wholly or in part of leather * * * shall pay duty at the following rates, * * * namely." Then follows paragraph 440, which enumerates several kinds of gloves, among which are Schmaschen gloves, and the rates of duty on each. *Held*, that a protest filed by an importer under the customs administrative act of 1890 against the classification of gloves as lambskin, under paragraph 441, on the ground that they should be "assessed under paragraph 439 as Schmaschen gloves," was sufficient, and distinctly informed the collector of the position of the importer, since paragraphs 439 and 440 must necessarily be construed together, and although Schmaschen gloves are not mentioned in the former the duty is assessed thereunder.

Petition for Review of Decision of Board of General Appraisers.

Charles P. Searle, for the importers.
William H. Garland, Asst. U. S. Atty.

COLT, Circuit Judge.  The only question which arises on this petition for review is the sufficiency of the protest. Act June 10, 1890, § 14 (26 Stat. 137).

The collector found the goods were lambskin, and dutiable at $2.50 per dozen pairs under paragraph 441, and 40 cents additional under paragraph 445, of the tariff act of 1897 (30 Stat. 192), and assessed the duties accordingly; whereupon the petitioners made the following protest:

"Boston, Jan. 24, 1900.

"Hon. Collector of the Port of Boston—Dear Sir:  We hereby respectfully protest against your action in assessing and exacting duty on 4 cases leather goods, C. Y. & S. 53/56, imported into this port on the 2nd day of January, 1900, per Str. 'Turcoman,' at the rate of $2.90 per dozen, but claim they should be assessed under Schedule N, paragraph 439, as Schmaschen gloves dutiable at $2.15 per dozen.  We pay the additional sum exacted by you in order to get possession of the goods, but claim and respectfully ask to have the amount refunded to us.

"We inclose a sample of the goods for your consideration, claiming they are commercially known as Schmaschen goods and not lamb gloves.

"Very respectfully yours,        Claflin, Young & Stanley."

The case then went to the board of general appraisers for decision. As a result of the evidence taken before the board of general appraisers, the government abandoned its contention that the goods were lambskin gloves, and admitted that they were Schmaschen gloves. The government then took the position that the protest was insufficient, and the board of general appraisers sustained this position, and affirmed the decision of the collector on this ground.

The object of the statute in requiring a protest is to inform the collector distinctly of the position of the importer.  Technical precision is not required, nor is brevity fatal.  U. S. v. Salambier, 170 U. S. 621, 626, 18 Sup. Ct. 771, 42 L. Ed. 1167, and cases cited.

In U. S. v. Salambier the protest did not refer to any paragraph of

the tariff act, but briefly stated "that the said goods under existing laws are dutiable at 2 cts. per lb., and the exaction of a higher rate is unjust and illegal." This protest was held sufficient, although there were two paragraphs relating to the class of goods in question, under either of which the duty was two cents per pound. The court said:

"In this instance, it was impossible for the collector to have read the protest without perceiving that his classification of the merchandise, as dutiable under paragraph 239 of the tariff act at fifty per cent. ad valorem, was objected to, and that the importer claimed that, under the law, the goods were dutiable at two cents per pound. The collector could not have been perplexed by the omission to name the specific paragraph which the importer sought to have applied, for there were but two paragraphs, besides 239, which dealt with the subject, namely, paragraphs 318 and 319, and under either of them the duty was that claimed by the importer, two cents per pound." 170 U. S. 626, 18 Sup. Ct. 773, 42 L. Ed. 1167.

In the case at bar the protest indicated distinctly and definitely the ground of the importers' objection to the duties assessed. It declares that the goods are Schmaschen gloves, dutiable under Schedule N, par. 439. Neither the collector nor the board of general appraisers had any difficulty in understanding the exact issue which the importers raised. After reading the protest, it was impossible not to perceive what the importers objected to and what they claimed under the law. In the collector's letter to the board of general appraisers transmitting the protest, with accompanying papers, he says: "The protestants have duly complied with the requirements of section 14 of the act of June 10, 1890."

It is contended that the protest is insufficient because paragraph 439 is named instead of paragraph 440, where Schmaschen gloves are mentioned. A glance at the two paragraphs, however, shows they are connected by the word "namely," and that both must be read together as one paragraph:

"439. Gloves made wholly or in part of leather, whether wholly or partly manufactured, shall pay duty at the following rates, the lengths stated in each case being the extreme length when stretched to their full extent, namely:

"440. Women's or children's 'glace' finish, Schmaschen (of sheep origin), not over fourteen inches in length, one dollar and seventy-five cents per dozen pairs; over fourteen inches, and not over seventeen inches in length, two dollars and twenty-five cents per dozen pairs; over seventeen inches in length, two dollars and seventy-five cents per dozen pairs; men's 'glace' finish, Schmaschen (sheep), three dollars per dozen pairs."

Paragraph 439 does not provide any specific rate of duty upon the articles mentioned. It simply declares that "gloves made wholly or in part of leather, whether wholly or partly manufactured, shall pay duty at the following rates, * * * namely." Then follows paragraph 440, which enumerates several kinds of gloves, among which are the Schmaschen, and the rates of duty, which are assessed under paragraph 439. Paragraph 439 refers to the succeeding paragraph, and paragraph 440 refers to the preceding paragraph. When the importers in their protest referred to paragraph 439, and at the same time mentioned Schmaschen gloves, they necessarily included paragraph 440, because the two paragraphs must be consolidated in order to subject the articles mentioned therein to any rate of duty.

113 F.—60

The further objection is taken that the protest names $2.15 per dozen pairs as the rate of duty, and that no such rate of duty on Schmaschen gloves is found in paragraph 439 or paragraph 440.

The reason why the importers in this protest named $2.15 instead of $1.75 as the rate of duty is apparent, and could lead to no misunderstanding as to the rate claimed. The collector had assessed a duty of $2.50 per dozen pairs under paragraph 441, and 40 cents additional duty under paragraph 445. The importers made no objection to this additional assessment under paragraph 445, and they therefore added this 40 cents additional duty to $1.75, which is the duty mentioned in paragraph 440 on the Schmaschen gloves in question. Under these circumstances, it was unnecessary for the importers to refer in their protest to this additional duty under paragraph 445, because they made no objection to this further assessment; and the statement in their protest of the rate of $2.15 per dozen becomes perfectly intelligible, in view of the collector's action and their own position.

In my opinion, and for the reasons already given, this is not a case where the importers claim in their protest that the merchandise is dutiable under a specific paragraph, and are now seeking to classify the merchandise under a different paragraph, and therefore the two cases on which the government relies are not in point. In re Sherman (C. C.) 49 Fed. 224; In re Austin (C. C.) 47 Fed. 873.

I am satisfied that the ruling of the board of general appraisers in this case was wrong, and that their decision should be reversed, and judgment entered for the importers; and it is so ordered.

Judgment for petitioners.