### SHAW v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 9, 1903.)

#### No. 112.

1. CUSTOMS DUTIES—PROTEST—MISTAKE IN CITING WRONG ACT.

A protest claiming free entry of an importation of tapioca flour under paragraph 646 of the tariff act of August 27, 1894, 28 Stat. 545, c. 349, which provides for the free entry of tapioca, was sufficient to advise the collector that the exemption from duty was in fact claimed under

paragraph 677 of the act of July 24, 1897, 30 Stat. 202, c. 11 [U. S. Comp. St. 1901, p. 1688], which contains an identical provision, where such act was the one then in force and which governed the importation.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 117 Fed. 366.

Albert Comstock, for appellant.

Henry C. Platt, Asst. U. S. Atty.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The only question arises upon the sufficiency of the protest. The merchandise in question was tapioca flour and was entitled to free entry. Chew Hing Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412.

The merchandise was entered for warehouse July 12, 1897. At that time the tariff act of 1894 was in force. It was withdrawn from bond and duties paid thereon September 1, 1897, when the tariff act of that year was in force. 30 Stat. 151, c. 11 [U. S. Comp. St. 1901, p. 1626].

The protest is as follows:

"New York, September 10, 1897.

"Honorable Collector of Customs: We hereby protest against your assessment of duties at the rate of one and one-half cents per lb. on tapioca flour * * * imported by us per 'McLaurin' from Singapore on the 12th day of July, 1897, * * * liquidated on the 1st day of Sept., 1897, claiming that said goods are liable to free entry under paragraph 646, c. 349, Act Aug. 27, 1894, 28 Stat. 545, and if not, then at 20 per cent. as a manufactured unenumerated article under section 3, c. 349, Act Aug. 27, 1894, 28 Stat. 547. We pay the same under compulsion, claiming to have the difference refunded."

Paragraph 646 of the free list of the act of 1894 provides for "tapioca, cassava or cassady." Paragraph 677 of the free list of the act of 1897, 30 Stat. 202, c. 11 [U. S. Comp. St. 1901, p. 1688], is in identical language. The mistake of the protest was in citing the paragraph of the act of 1894 instead of the corresponding paragraph of the act of 1897, which latter act was in force at the time the protest was made.

Section 33 of the act of 1897, 30 Stat. 213, c. 11 [U. S. Comp. St. 1901, p. 1701], provides:

"That on and after the day when this act shall go into effect all goods, wares and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to the duties imposed by this act and to no other duty, upon the entry or withdrawal thereof."

The act was approved and went into effect July 24, 1897.

The board of general appraisers held the protest insufficient, overruled the protest and affirmed the decision of the collector. The Circuit Court took the same view. The court said:

"To hold that a reference to paragraph 646 of the act of 1894 is to be read as a reference to paragraph 677 of the act of 1897, as a clerical error, on any theory that the collector must have known what the importer meant, would be to carry the doctrine of liberal construction far beyond any limit it has ever reached before."

There can be no question that when the tapioca flour was withdrawn for consumption and duties levied thereon, the act of 1897 was in force and that this was known both to the importer and to the collector. Neither could have supposed that the duty was levied under the previous act or that any section thereof had the least application to the situation. The act of 1894 had been superseded and repealed and the collector must have known that the reference to it by the importer was a mistake. That the mistake was a natural one, in view of the fact that the new act had been in force but a short time, is shown by the fact that a similar mistake was made by the collector in reporting the facts to the board, as he tells them that duty was levied under the act of 1894. The board held that the collector's mistake "is manifestly a clerical error."

If the provisions of the free list as to tapioca flour of the two acts had been dissimilar, there might be some ground for supposing that the collector was misled, but had he looked at paragraph 646 of the act of 1894 he would have found that the importation was claimed to be free as tapioca and an examination of the free list of the act of 1897 would have shown that the free lists of the two acts are identical in this particular.

The object of the protest is distinctly and specifically to point out the contention of the importer, and if this be done in language so plain that there can be no possible ground for mistake on the part of the collector it would seem to be sufficient.

The error of the importer in giving a wrong citation required of the collector an exercise of the reasoning powers, but to a limited extent only. Was he justified in refusing to examine the only act which could by any possibility apply to the case before him?

The collector was, in effect, informed that the importation was claimed to be free as tapioca, and we are inclined to think that it was incumbent upon him to refer to the free list of the act under which duty had been levied. If he had done this he would have found that tapioca was free.

If the importer had said "I claim that the said goods are free as tapioca" it would have been sufficient under the rule laid down in United States v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167. It is true that, in the present case, this was not done in terms, but the necessary consequence of the notice was to inform the collector of the precise character of the importer's claim.

The decision of the circuit court is reversed.