J. B. McPHERSON, District Judge.
The duty in contrbversy . was imposed upon bleached wheat stems or wheat heads, which were held by the collector to be dutiable under paragraph 251 and the similitude clause of the act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650]) as “natural flowers of all kinds, *969 preserved or fresh, suitable for decorative purposes.” The importers protested, claiming that the goods were “free of duty as provided for in paragraph 617 of the act of July 24, 1897, or in accordance with paragraph 548 of the same act. If not free of duty, we claim that they are subject to a duty of ten per centum as nonenumerated unmanufactured articles, or at twenty per centum as nonenumerated manufactured articles, in accordance with section 6 of the act of July 24, 1897.” The board of general appraisers agreed that the goods were free of duty, the point having been expressly decided in United States v. Richard (C. C.) 99 Fed. 262; but, inasmuch as this decision classifies the goods under paragraph 566, and the protests of the present importers failed to specify that paragraph, the board affirmed the collector’s ruling. Upon the authority of two recent cases (United States v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167, and United States v. Shea, 114 Fed. 38, 51 C. C. A. 664), I think the protests were sufficiently specific, and that the board should have admitted the importation free of duty. The substance of the matter is found in the principal claim of the importers—that the goods were free of duty; and the fact that paragraph 566 was referred to in another protest, not now before the court, which was sustained by the board, shows that the whole subject was brought to the board’s attention in a single proceeding, although it is true that paragraph 566 was not specified in the particular protests now under consideration. The collector had, therefore, full notice of every paragraph upon which the importers relied, and could not have been misled.
The government also takes the position that the decision in United States v. Richard was wrong, and that the collector’s classification under paragraph 251 should be upheld. It would certainly be highly inconvenient to have conflicting rulings concerning duties in New York and in Philadelphia, and I shall therefore follow United States v. Richard without discussion. If the government thinks that decision was erroneous, it can be reviewed on appeal from the judgment in this case.
The plaintiffs are entitled' to recover the sum for which suit has been brought.