## UNITED STATES v. FLEITMANN et al.

(Circuit Court of Appeals, Second Circuit. February 22, 1905.)

### No. 125.

1. CUSTOMS DUTIES—PROTEST—SUFFICIENCY.

Certain importers, in protesting against the assessment of customs duty, based their objections on an inapplicable paragraph of the tariff act, but named the correct rate of duty, it happening that the rate provided in said paragraph was the same as in the paragraph that should have been referred to in the protest. There was nothing in the terms of the protest to direct the attention of the collector of customs to the proper paragraph or to suggest that the importers had inadvertently referred to the wrong paragraph and had intended to refer to the right one. *Held*, that the protest was not sufficiently distinct and specific to satisfy the requirements of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933].

2. SAME—MISTAKES IN PROTESTS.

Under section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], no new rule obtains in re-

spect to the terms of protests against decisions of collectors of customs in the assessment of duty. If the protest fail to satisfy the requirements of said section, the collector's decision should be affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision below (131 Fed. 396) affirmed a decision of the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Fleitmann & Co. Note United States v. Knowles, 126 Fed. 737, 62 C. C. A. 62, and In re Solvay Process Co. (C. C.) 134 Fed. 678.

The pertinent part of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], referred to in the opinion, reads as follows: "The decision of the collector as to the rate and amount of duties chargeable upon imported merchandise * * * shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee or agent of such merchandise, or the person paying such fees, charges and exactions other than duties, shall * * * give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reason for his objections thereto."

Henry A. Wise, for appellant.
Benjamin Barker, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The question upon this appeal concerns only the sufficiency of the importers' protest.

The appellees imported certain silk ribbons, which were classified as "silk trimmings, 60 per cent.," and an ad valorem duty at that rate was assessed thereon under the provisions of paragraph 390 of the tariff act of July 24, 1897, c. 11, § 1, Schedule L, 30 Stat. 15 [U. S. Comp. St. 1901, p. 1670]. The importers by their protest claimed that the merchandise was dutiable "only at the rate of 50 per centum ad valorem under paragraph 389 of the tariff act of 1897." The protest was overruled, and upon review by the Board of General Appraisers it was conceded that the merchandise was dutiable, "as a manufacture of silk not otherwise provided for," at 50 per centum ad valorem, under paragraph 391 of the tariff act of 1897. The importers insisted that their protest was sufficient because they specified the proper rate of duty, notwithstanding they had based their objection upon the wrong paragraph of the act. The board sustained this contention, and overruled the collector.

We think the protest was insufficient because it was not sufficiently distinct and specific, within the rule applied in Herrman v. Robertson, 152 U. S. 522, 14 Sup. Ct. 686, 38 L. Ed. 538, and other adjudications which it is unnecessary to cite. Silk ribbons were not denominated eo nomine in either of the two paragraphs of the silk schedule imposing a duty of 50 per centum ad valorem, and the protest did not state that they were dutiable as "manufactures of silk not otherwise provided for"; consequently there was nothing in the terms of the protest to direct the attention of the collector to paragraph 391, or to suggest to him that the importers had referred inadvertently to paragraph 389, and must have intended to refer to paragraph 391. The Salambier Case, 170 U. S. 621, 18

Sup. Ct. 771, 42 L. Ed. 1167, is not controlling. The importations there were sweetened chocolate, and were commercially known as such, and there was but one paragraph in the tariff act by which such importations were subjected to a duty of two cents per pound, and that was paragraph 319 (Act Oct. 1, 1890, c. 1244, 26 Stat. 588) ; and the court held that the protest was sufficient because it claimed the importations were dutiable at two cents per pound, notwithstanding it did not refer to any particular paragraph as the one under which they were claimed to be properly dutiable.

In Sherman v. The United States, 55 Fed. 276, 5 C. C. A. 101, it was held by this court that under the customs administrative act no new rule in respect to the terms of the protest obtained, and if the protest failed to satisfy the requirements of section 14 the Board of General Appraisers were required to affirm the action of the collector. Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]. That decision was followed by the Circuit Court of Appeals for the Third Circuit in United States v. Bayersdorfer, 126 Fed. 732, 62 C. C. A. 16, where it was cited and its reasons and conclusions were approved, and the distinction between it and the case of Shaw v. United States, 122 Fed. 443, 58 C. C. A. 425, was lucidly defined.

We cannot agree with the reasoning of the opinion in United States v. Shea, 114 Fed. 38, 51 C. C. A. 664, to the effect that the procedure under the customs administrative act contemplates that the Board of General Appraisers may disregard omissions or mistakes in protests which may have misled the collector, and allow them to be corrected when the case comes before them upon review of his decision. The considerations which lead us to a contrary conclusion are sufficiently presented in Sherman v. United States and in United States v. Bayersdorfer.

The decision is reversed, with instructions to reverse the decision of the Board of General Appraisers.