UNITED STATES v. HELMRATH.

(Circuit Court of Appeals, Second Circuit. February 1, 1906.)

No. 84.

1. CUSTOMS DUTIES—PROTEST—SUFFICIENCY—OMISSION OF PARAGRAPH NUMBER.
    A protest in which an importer claimed a "refund of duty on * * * skins" *held* a sufficient reference to the provision in the free list of the tariff act for "skins of all kinds," and to satisfactorily meet the requirement in section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], that protests must set forth "distinctly and specifically" the grounds of objection.

    [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 237.]

2. SAME—EVIDENCE—SUFFICIENCY.
    As to an importation of mixed hides and skins, separation of the pieces weighing less than 12 pounds, which were free of duty, was made by weighers experienced in handling skins, who actually weighed only the pieces as to which they were in doubt. *Held*, that proof of the results by this method was sufficient to show the amount entitled to free entry.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 135 Fed. 912, which reversed three decisions of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York on importations by W. Helmrath. One of the questions involved was whether the importer's protests answered the requirements of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], wherein it is provided that the grounds of protest shall be set forth "distinctly and specifically." The form of these protests is shown by the following extract from one: "I herewith protest against the liquidation of my entry of hides and skins, * * * each of which weighs under 12 pounds; and looking to you for the refund of duty on these 99 skins, I remain." Another question involved was the sufficiency of the evidence introduced in the importer's behalf. The Board, while expressing a doubt as to the sufficiency of the protests, overruled them on the ground that the evidence did not satisfactorily support the contention made. The circuit court held the protests and the evidence to be sufficient, and sustained the importer's contention, whereupon the United States prosecuted this appeal.

D. Frank Lloyd, Asst. U. S. Atty.

Hatch, Keener & Clute (J. Stuart Tompkins, of counsel), for the importer.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The questions in controversy are fully discussed, and are, we think, correctly decided by the Circuit Court. The protest was sufficient, within the decision of U. S. v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167, and Shaw v. U. S., 122 Fed. 443, 58 C. C. A. 425. There can be no question that the collector was sufficiently informed by the protest that the importer claimed free entry for his merchandise as "skins." On turning to the free list, the collector there found "skins of all kinds" specifically mentioned. He could not have been misled or confused as to the importer's position. "Hides" are separated from "skins" by weight. If more than 12 pounds in weight, they are known as "hides"; if less, they are known as

"skins." The importations in question were handled by weighers who from long experience were able to tell as to the status of most of the skins by handling and examination. In case of doubt as to their being under 12 pounds in weight, the skins were actually weighed, and we are convinced by the proof that no substantial error was made.

Regarding the protest Exhibit L, Judge Lacombe is of the opinion, assuming that it is correctly stated in the record, that it is too indefinite and uncertain to answer the requirements of the law. In other respects he concurs in the foregoing views.

Decision affirmed.