### UNITED STATES v. LEERBURGER.

(Circuit Court of Appeals, Second Circuit. February 11, 1908. On Rehearing, March 3, 1908.)

#### No. 165 (4,133).

1. CUSTOMS DUTIES—PROTEST—AMBIGUITY.

Material dutiable at 50 cents per pound as "woven fabrics * * * in the gum," under the first clause of a tariff paragraph, were asserted in an importer's protest to be dutiable "at 60 cents per pound * * * under the first clause, * * * being woven fabrics in the piece, dyed." This rate and description ("dyed") pertained to the second clause, and not the first. *Held*, that the protest referred sufficiently to the first clause, under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933).

2. SAME—REFERENCE TO WRONG PARAGRAPH.

Goods dutiable under one paragraph of a tariff act were asserted by an importer in his protest to be dutiable under another paragraph. But the language of the protest indicated an intention to cite the former. *Held*, that the protest should be construed as referring to the former.

3. SAME—COMPONENT MATERIALS—ASCERTAINMENT.

The test of chief value is to be applied as values may be at the time of importation. Evidence that goods are identical with some previously imported is unpersuasive that the relative value of their components remains the same.

4. APPEAL AND ERROR—EVIDENCE—ADMISSION ON ARGUMENT.

A question of fact cannot be raised on appeal, which was conceded on argument in the court below.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1066.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The material in controversy was classified as composed chiefly of cotton and in part of silk under paragraph 311, tariff act of July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659). The importer contended that it should have been assessed "at 60 cents per pound (or 50 per cent. ad valorem) under the first clause of paragraph 388, same act, being woven fabrics in the piece, dyed, weighing not less than 1⅓ ounces nor more than 8 ounces per square yard, and containing not more than 20 per cent. in weight of silk."

The board held that the mention of paragraph 388 should be construed as a reference to paragraph 387, as the language of the protest indicated that intention. The first and second clauses of paragraph 387 read as follows:

"387. [1] Woven fabrics in the piece not specially provided for in this act, weighing not less than one and one-third ounces per square yard, and not more than eight ounces per square yard, and containing not more than twenty per centum in weight of silk, if in the gum, fifty cents per pound, [2] and if dyed in the piece, sixty cents per pound."

On the authority of Leerburger v. United States (C. C.) 130 Fed. 1022, af-

firmed 137 Fed. 1020, relating to similar goods, the board held that the fabrics involved were dutiable under the first clause of paragraph 387, at 50 cents per pound, as being "in the gum." The board further held that the importer was not entitled to a decision in his favor, because his protest, claiming the goods to be dutiable at "60 cents per pound," as being "dyed," "failed to point out the provision of the statute which actually controls," and was therefore insufficient. Section 14, Customs Administrative Act of June 10, 1890, c. 407, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933), requires that protests shall point out "distinctly and specifically" the importer's objections to the assessment in question.

On appeal by the importer, the decision of the board was reversed by the Circuit Court (155 Fed. 146, T. D. 28,262), the protest being held sufficient.

J. Osgood Nichols, Asst. U. S. Atty.
D. Macon Webster, for importer.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The board held the protest insufficient; but the Circuit Court reached a different conclusion, in which we fully concur. It is in accord with United States v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167, and Shaw v. United States, 122 Fed. 444, 58 C. C. A. 425.

The government contends here that the goods, which are a mixture of silk and cotton, should be classified under paragraph 311 because composed in chief value of cotton. The only evidence as to relative values of the components of this particular importation is that of the government chemist, which states them as "silk 42.39 per cent., cotton 57.61 per cent."

The board disregarded this testimony, because in another case this court held of precisely similar goods, imported some months before, that, on the evidence then before it, silk was the component of chief value. This reasoning seems unpersuasive because, although the physical components were identical, their relative values may have changed in the interim. The test of "chief value" is to be applied as values may be at the time of importation. But the government cannot now rely on this contention because, on the hearing in the Circuit Court, it did not raise the point, but conceded that the collector was in error in his finding as to relative values.

The decision is affirmed.

### On Rehearing.

In behalf of the government a petition was made for rehearing, based on the allegation that, contrary to the statement in the foregoing opinion, the government had not "conceded that the collector was in error in his finding as to relative values."

PER CURIAM. Inasmuch as both sides do not agree that the particular point now relied on was called to the attention of the trial judge, we shall have to be guided by the record. Petition for reargument denied.