(C. D. 882)

JOHN H. FRANKENBERG *v.* UNITED STATES

United States Customs Court, First Division

(Motion denied October 17, 1944)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the United States.

Before OLIVER, WALKER, and COLE, Judges

OLIVER, Presiding Judge: In this case motion was made by the defendant to dismiss the protest on the ground that it was insufficient under section 514 of the Tariff Act of 1930. The merchandise was imported by mail. The protest is in the form of a letter addressed to the United States Post Office, Customs Division, Protest Section. In this letter the entry numbers are set forth, the goods are described as "sea shell flowers" and "sea shell flower clusters," protest is made against the rate of duty of 110 per centum ad valorem assessed against this merchandise, and the correct dutiable rate is claimed to be 60 per centum. The protest, however, fails to set

forth the provision or paragraph of the tariff act under which the lower duty is claimed. The letter (protest) reads as follows:

Referring to my letter of April 30, and the rate of 110% duty levied on the sea shell flowers entered under the above-mentioned numbers, I should like to protest against this rate of duty as, in my opinion, this article should have a rate of only 60%.

The reason given to me for the higher rate was the sea shell flower clusters could be used for jewelry purposes, but that is not sufficient to justify a rate of 110% because if this opinion is true there are many other articles, such as: Buttons, leather goods, flowers made of cotton or silk, etc., which could be considered for jewelry purposes too.

Sea shell flower clusters are used mainly for the trimming of hats and for similar purposes, as you can ascertain (and as previously pointed out in my letter of April 28) by looking on page 53 of the April issue of the publication "Hat Life." Artificial flower companies, such as: Herman Plaut, and 'Astor Flower Co., etc., will confirm this too.

I therefore respectfully ask for a reduction in the rate of duty imposed to 60% for the above-mentioned entries.

The merchandise was classified as jewelry or parts of jewelry under the provisions of paragraph 1527 (a) (2) of the Tariff Act of 1930 and was assessed with duty at the rates therein prescribed or the equivalent of 110 per centum ad valorem.

The Assistant Attorney General contends that the protest in no way informs the collector as to what was in the mind of the importer at the time the protest was filed.

In opposition to the motion, counsel for plaintiff contends that it is clear from the protest the claim of the plaintiff is that the merchandise consists of artificial flowers and as there is only one paragraph in the tariff act which imposes a rate of 60 per centum on artificial flowers, that is paragraph 1518, it is manifest that the claim of the importer is that the merchandise is dutiable as artificial flowers at 60 per centum under said paragraph 1518. He cites the case of S. Kikuchi v. United States, 67 Treas. Dec. 899, T. D. 47734. He also refers to the case of M. Pressner & Co. et al. v. United States, 6 Cust. Ct. 55, C. D. 425, decided January 27, 1941, wherein certain shell flowers were held properly dutiable as artificial flowers under paragraph 1518 of the Tariff Act of 1930 and he contends that in view of this litigation the collector could not have failed to understand that the plaintiff's claim of 60 per centum was as artificial flowers under paragraph 1518.

The question of sufficiency of protest has been a source of extensive litigation in our courts. From the many decisions on this issue certain principles can be said to have been fairly established. It is clear that no hard and fast rule obtains but that each case depends upon the particular facts there before the court. Raybestos Manhattan, Inc. v. United States, 27 C. C. P. A. 340, C. A. D. 109. It is further manifest that a protest need not be in any particular form provided it

conveys to the collector an intelligent explanation of the basis of the plaintiff's protest and the paragraph under which claim is made. It is not even essential that the claimed paragraph be designated by number if the facts make it clear under which paragraph the claim is made. *Metropolitan Pottery Co.* v. *United States*, 71 Treas. Dec. 657, T. D. 48928; *United States* v. *Salambier* (170 U. S. 621); and *Carter* v. *United States*, 1 Ct. Cust. Appls. 64, T. D. 31033.

The Government cites the following cases in support of its motion to dismiss. In each of these cited cases the protest was held legally insufficient:

> *Dr. Louis B. Bishop* v. *United States*, 31 Treas. Dec. 291, Abstract 40261.
> *International Fruit Products Co. et al.* v. *United States*, 60 Treas. Dec. 1311, Abstract 17531.
> *Rounsevelle-Rohm* v. *United States*, 61 Treas. Dec. 1786, Abstract 20832.
> *Bernard, Judae & Co.* v. *United States*, 71 Treas. Dec. 558, T. D. 48899.

In the *Bishop* case, *supra*, the protest was against the assessment of duty at 60 per centum on a package of scientific bird skins and claimed a 20 per centum rate, without indicating any provision or paragraph of the tariff act under which the goods should be classified. There was no provision in the Tariff Act of 1913 for merchandise described as scientific bird skins and nothing to direct the collector's attention to the paragraph claimed.

In the *International Fruit Product's* case, *supra*, covering pitted cherries in brine, the claim was that the merchandise "is properly dutiable at the lower rates as approved by the Tariff Commission and promulgated." This simply amounts to a claim for lower rates which might be found by the Tariff Commission and proclaimed by the President.

In the *Rounsevelle-Rohm* case, *supra*, it was claimed that the "duty rate is too high, inasmuch as the items listed are bowstrings and should take 30 per centum as 'archery tackle'." As there was no *eo nomine* provision for archery tackle in the Tariff Act of 1930 and as the importer failed to designate the paragraph under which claim was made, the court dismissed the protest.

In the *Bernard Judae* case, *supra*, the protest was against the assessment of duty on certain specified entries "claiming same to be free of duty," without indicating in any way the paragraph under which claim was made.

In all these cases it is clear that the protests did not set forth any facts which would guide the collector in determining the particular claim made.

In *United States* v. *Salambier*, *supra*, sweetened chocolate in the form of small cakes or tablets manufactured from cocoa and sweetened with sugar was classified for duty at 50 per centum ad valorem under paragraph 239 of the Tariff Act of 1890 as chocolate confectionery.

The protest claimed the goods to be dutiable at 2 cents per pound but failed to state the paragraph under which they were dutiable. There were two paragraphs, 318 reading: "Chocolate (other than chocolate confectionery and chocolate commercially known as sweetened chocolate), two cents per pound," and paragraph 319, "Cocoa, prepared or manufactured, not specially provided for in this act, two cents per pound." The court said:

It does not appear that the collector deemed the protest insufficient in form or unintelligible. * * * we have no difficulty in agreeing with the board of appraisers, and with the Circuit Court, that the protest was, in form and substance, a reasonable compliance with the law. * * *. The collector could not have been perplexed by the omission to name the specific paragraph which the importer sought to have applied, for there were but two paragraphs, besides 239, which dealt with the subject, namely paragraphs 318 and 319, and under either of them the duty was that claimed by the importer, two cents per pound.

The Court of Customs and Patent Appeals in the case of *Carter* v. *United States, supra,* cited the case of *United States* v. *Salambier, supra,* and other authorities, stating (page 69):

If the purpose of this notice is to apprise the collector of what the claim of the importer is, and if technical nicety is not to be insisted upon, we think that where the importer protests against the rate assessed and at the same time points out provisions under which he claims the article to be dutiable with sufficient clearness so that the collector may by mere computation or examination of the goods determine their classification, he has complied with the statute in all essential respects.

A cardinal rule is that the importer must have in mind, at the time he makes his protest, the objection afterwards made at the trial, and must sufficiently, in view of all the circumstances, call the collector's attention to that objection. *United States* v. *Sheldon,* 5 Ct. Cust. Appls. 427, T. D. 34946; *S. Kikuchi* v. *United States, supra.*

Testing the present case by the principles outlined in the foregoing cases, it appears that the letter sent by the plaintiff to the United States Post Office, Customs Division, clearly evidences dissatisfaction with the classification of the collector and protests against the assessment of what amounts to 110 per centum duty under paragraph 1527. Plaintiff thereupon states his claim to duty at the rate of 60 per centum. It is true that plaintiff has failed to specify the paragraph of the Tariff Act under which he specifically claims this rate to be applicable. On the other hand, the mere description of the goods by the plaintiff as "sea shell flowers" or "sea shell flower clusters" of itself clearly indicates the claim that they are artificial flowers composed of sea shells. This claim is further evidenced by the claimed rate of 60 per centum, the claimed use "for trimming hats and for similar purposes," and the reference to artificial flower companies to confirm this use.

We are of opinion that with these facts before him and from an examination of the goods, the collector could not have been misled but was fairly apprised of the fact that the plaintiff claimed these

"sea shell flowers" to be properly dutiable as "artificial flowers" at 60 per centum ad valorem under the provision in paragraph 1518 of the tariff act, the only provision in the Tariff Act of 1930 which imposes a 60 per centum rate of duty on "artificial flowers."

We therefore hold that this protest is a reasonable compliance with the law and is valid under the provisions of section 514. The motion of counsel for the defendant to dismiss is denied and the protest is restored to the docket for hearing on the merits.