In re COLLECTOR OF CUSTOMS, (SHERMAN et al., Importers.)

(Circuit Court of Appeals, Second Circuit. April 18, 1893.)

CUSTOMS DUTIES—POWERS OF BOARD OF APPRAISERS.

The board of general appraisers cannot go outside of the protest of the importer against an assessment by the collector, and find that the imported goods are dutiable as a class other than that specified in the protest. 49 Fed. Rep. 224, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Sherman, Cecil & Co. protested against an assessment by the collector of the port of New York. The protest was sustained by the board of general appraisers. Their decision was reversed by the circuit court, (49 Fed. Rep. 224,) and the protestants appeal. Affirmed.

Wm. Forse Scott, for appellants.
Thos. Greenwood, Asst. U. S. Atty.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from a judgment of the circuit court reversing a decision of the board of general appraisers. October 6, 1890, the appellants imported into the port of New York certain merchandise, which was classified for duty and duty exacted thereon by the collector of customs at the rate of 60 per centum ad valorem, as "textile fabrics, embroidered by hand or machinery," under paragraph 373 of the tariff act of October 1, 1890. The importers, being dissatisfied with the classification, within 10 days after the liquidation of duties protested, setting forth in their notice, as the reason for their objection to the decision of the collector, that the merchandise should have been classified "under Schedule I, paragraph 346, as cotton cloth, bleached, counting over one hundred threads, and under one hundred and fifty threads, to the square inch, valued at over 10 cents per square yard, and subjected to duty at 40 per centum ad valorem." The board of general appraisers, after hearing testimony, decided that the merchandise was not "textile fabrics, embroidered by hand or machinery," and had therefore been improperly classified for duty; that it was not "cotton cloth, bleached, counting over one hundred threads, and under one hundred and fifty threads, to the square inch, and valued at over 10 cents per square yard," as claimed by the importers; and that it was a "manufacture of cotton not specially provided for," dutiable, under paragraph 355 of the same tariff act, at 40 per centum ad valorem. They accordingly ordered a reliquidation of the entry. From that decision the collector appealed to the circuit court. At the hearing in the circuit court the importers moved for leave to amend their protest so that it might accord with the decision of the board of general appraisers, by stating as an additional objection to the decision of the collector that the merchandise should have been classified as a "man-

ufacture of cotton not specially provided for," under paragraph 355. The trial judge ruled that the circuit court was without authority to allow such an amendment of the protest, and held that, as the board of general appraisers had decided in favor of the importers upon an objection which had not been stated in the protest, the decision was erroneous. The circuit court accordingly reversed the decision of the board of general appraisers. The only question which has been argued upon this appeal is whether the circuit court erred in ruling that the protest was not amendable, and that the board of general appraisers should have decided against the importers because the protest did not set forth any sufficient objection to the decision of the collector.

Prior to the act of congress of June 10, 1890, commonly known as the "Customs Administrative Act," the importer whose merchandise had been subjected to the payment of illegal duties by the collector had his remedy to recover them by an action at law against the collector personally. According to the decision of the supreme court in Cary v. Curtis, 3 How. 236, he was deprived of this remedy by the act of March 3, 1839. To obviate this injustice congress restored the remedy by the act of February 26, 1845, but in doing so required, as a condition of the right of the importer to maintain the action, that a protest be made in writing, signed by the claimant, at or before the payment of the duties, "setting forth distinctly and specifically the grounds of objection to the payment thereof." The act of 1845 remained in force until the passage of the act of June 30, 1864, when, by section 14, the time for the making of a protest was enlarged, and it was made a condition of the remedy that the importer should, within 10 days after the ascertainment of liquidation of the duties, give notice in writing to the collector, if dissatisfied with his decision, setting forth distinctly and specifically the grounds of his objection. In the revision in 1874 of the statutes of congress, section 14 of the act of 1864 was reproduced, and remained in force until the passage of the customs administrative act. Under all of these acts, from that of 1845 until the customs administrative act was passed, the courts, in construing the provision, had uniformly decided that the importer could not recover duties which had been erroneously or illegally exacted, unless by his protest or notice he had stated a valid objection to the action of the collector so distinctly and specifically as to bring it to the knowledge of the collector at the time. It suffices to refer to Warren v. Peaslee, 2 Curt. 235; Davies v. Arthur, 96 U. S. 148; Arthur v. Dodge, 101 U. S. 34; Arthur v. Morgan, 112 U. S. 495, 5 Sup. Ct. Rep. 241.

The customs administrative act abrogated the remedy of the importer by action, and substituted therefor a proceeding in the nature of an appeal to the board of general appraisers in review of the collector's decision as to the classification and rate of duty. Section 14 of the act declares that the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise shall be final and conclusive against the importer, unless the importer, within 10 days after the ascertainment and liqui-

dation of the duties, if dissatisfied with such decision, give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry, the reasons for his objection thereto. Section 15 of the act authorizes the importer to apply to the circuit court for a review of the questions of law and fact involved in the decision of the appraisers. Thus it will be observed that congress reproduced in the customs administrative act the identical language as to the terms of the protest used in the previous acts, and declared, as explicitly as could be done by language, that in the absence of such notice the decision of the collector should be final and conclusive. It must be presumed that this was done with the full understanding of the settled judicial construction of the provision under the previous acts of congress, and therefore that congress intended that the importer should be bound by his own statement of the objections to the collector's decision, and should not be permitted to depart from it by alleging subsequently any errors of fact or of law not substantially brought to the collector's attention by the terms of the notice. Congress might have relieved the importer of any such condition as a prerequisite to his recovery if it had seen fit; but it is plain that it intended only to change the nature of his remedy, without enlarging the previously existing conditions precedent to his right of recovery.

It has not been argued, nor could it be with any color of reason, that the protest was sufficient to justify a reversal of the decision of the collector. Neither the board of general appraisers nor the circuit court had any authority to allow the importer to make a new protest, and the circuit court properly so decided. In reversing the decision of the collector upon an objection not stated in their notice of dissatisfaction by the importers, the board of general appraisers erred, and their decision was properly reversed by the circuit court. The judgment of the circuit court is affirmed.