PRESSON *v.* RUSSELL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 315. Submitted March 22, 1894. — Decided April 9, 1894.

Dry salted codfish, never pickled, imported January 19, 1888, in dry flour or sugar barrels, incapable of containing liquids, were subject to a duty of 25 per cent ad valorem, under the act of March 3, 1883, c. 121, 22 Stat. 488, 504, as other fish not specially enumerated or provided for; but, as the importer's protest was not sufficient to notify the collector of his claim, the judgment below is reversed, and a judgment ordered for defendant.

THIS was an action to recover duties alleged to have been unlawfully assessed, and was tried by the Circuit Court, without a jury, upon the following agreed statement of facts:

"The plaintiffs, on the nineteenth day of January, 1888, imported from Montreal, Canada, into the port of St. Albans, Vermont, one hundred barrels of dry salted codfish consigned to John S. Story, to be by him entered at the custom-house at St. Albans, and thence to be immediately transported in bond to the port of Gloucester, Massachusetts, consigned to the plaintiffs. The goods were entered at the custom-house at St. Albans on the nineteenth day of January, 1888, by Story, as 'one hundred barrels pickled cod,' and were immediately transported in bond to Gloucester and entered by the plaintiffs at the custom-house in Gloucester. The fish were imported in dry flour or sugar barrels, incapable of containing liquids, and had never been pickled, but had been cured with dry salt, and were not at the time of their importation what is known as 'pickled fish,' but were dry salted fish; each barrel contained two hundred and thirty-eight pounds of fish. The defendant, then collector of customs for said port of Gloucester, demanded and collected upon each pound of said fish a duty of one cent, amounting in the whole to the sum of two hundred and thirty-eight dollars, a sum which the plaintiffs claimed was not due and payable as duties, and exacted payment of the same from the plaintiffs, who made payment thereof to the said defendant under protest and in order to obtain possession of said merchandise.

"The plaintiffs, being dissatisfied with the decision of the collector assessing the said duty upon the said fish, gave to him due and seasonable notice thereof in writing, setting forth therein distinctly and specifically the grounds of their objection thereto, and duly and seasonably appealed to the Secretary of the Treasury, who affirmed the said decision of the said collector, and the plaintiffs seasonably brought this suit to recover the said sum of one hundred and nineteen dollars, so exacted and paid to the said defendant for customs duty upon said fish.

"The writ and pleadings may be referred to, also annexed copy of protest, and copy of invoice also annexed.

"Upon the foregoing facts it is agreed that the court may enter such judgment as the law requires."

The protest read thus: "We understand that you have assessed duties at the rate of one cent per lb. as 'pickled fish,' whereas they are 'dry fish,' and the duty should be but one-half cent per lb. We hereby protest against your assessment of one cent per lb.," etc.

The invoice stated the actual cost of the fish at $523.60.

The Circuit Court held that salt fish in barrels were not subject to duty under the tariff act of 1883, and gave judgment for the plaintiff in the sum of $238, to review which this writ of error was brought.

*Mr. Assistant Attorney General Whitney* for plaintiff in error.

*Mr. Frederic Cunningham* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Schedule G of the act of March 3, 1883, c. 121, 22 Stat. 488, 503, 504, contained, under the heading "Fish," these paragraphs:

"Salmon, pickled, one cent per pound; other fish, pickled, in barrels, one cent per pound.

"Foreign caught fish, imported otherwise than in barrels or half barrels, whether fresh, smoked, dried, salted, or pickled, not specially enumerated or provided for in this act, fifty cents per hundred pounds."

"Salmon, and all other fish, prepared or preserved, and prepared meats of all kinds, not specially enumerated or provided for in this act, twenty-five per centum ad valorem."

These fish were entered as "pickled cod," and were in barrels, and the collector assessed them under the first of the above three paragraphs, but as it was admitted on the trial that the fish had never been pickled but had been cured with dry salt, this must be treated as erroneous; and, being in barrels, they were not within the second paragraph, which

applied only to fish "imported otherwise than in barrels or half barrels."

As, however, the fish were preserved by being dry salted, we are of opinion that they came within the third paragraph, and were subject to the ad valorem duty there specified.

But the action cannot be maintained if the statutory requirements in respect of notice were not complied with. Rev. Stat. §§ 2931, 3011. While such protest need not be technically precise, it must "definitely and specifically" set forth the grounds of the importer's objections, to the end that the collector may have seasonable opportunity to remove them, and that the importer may not raise other objections than those on which he acted, after the business is closed and the money paid into the Treasury. *Herrman* v. *Robertson*, *ante*, 521.

This involves the designation in substance, though exact accuracy is not required, of the provision under which the importer insists the goods are dutiable, so as to comprehensively indicate the grounds of alleged error and afford the means of rectification. The importers assumed to do this here, and objected that the fish were not "pickled fish" liable to a duty of one cent per pound, but were "dry fish" dutiable at one-half cent per pound; or, in other words, the inference from the duty specified was that the collector should have assessed them under the second paragraph above quoted and not under the first. The collector, who had classified the fish in accordance with the entry, was thus notified that he should have classified them under a clause which was in terms inapplicable. It was only from the connection of the words "dry fish" with the rate named, that the collector could have inferred that the importers meant that the fish were cured by being dried; but the clause did not apply, and he was left to conjecture as to whether the fish might not have been originally pickled and become subsequently dry. We do not say that the protest need necessarily have stated that the fish had never been pickled, but it was essential to its sufficiency that it should amount to a notification that the importers claimed that the fish were cured by being dried or salted, and not by being pickled. Had the second paragraph applied, the protest

might be treated as definite enough; but, as the case stands, it must be held to have been insufficient.

*The judgment is reversed and the cause remanded with a direction to enter judgment for the defendant.*

MR. JUSTICE JACKSON did not hear the argument, and took no part in the consideration and decision of the case.