### UNITED STATES v. H. BAYERSDORFER & CO.

(Circuit Court of Appeals, Third Circuit.   December 14, 1903.)

#### No. 34.

1. CUSTOMS DUTIES—SUFFICIENCY OF PROTEST.

An importer filed a protest against the assessment of duty by a collector of customs, claiming therein that the merchandise was either dutiable at a less rate or was free of duty, under certain paragraphs of the dutiable and free lists of the tariff act, which he specified in his protest. The Board of General Appraisers decided that the assessment was erroneous, and that the merchandise should have been classified as free of duty under another paragraph than those cited in the protest, but that the protest should be overruled on the ground that, in not referring to the proper paragraph, it failed to satisfy the requirements of section 14, Customs Administrative Act June 10, 1890 (26 Stat. 137, c. 407 [U. S. Comp. St. 1901, p. 1933]), which prescribes that an importer shall set forth in his protest "distinctly and specifically * * * the reasons for his objections" to the assessment. Held, that this action was correct.

2. SAME—AMENDMENT OF PROTEST.

In appealing from a decision of the Board of General Appraisers, an importer set forth in his petition a claim based on a paragraph of the tariff act not referred to in his protest filed with the collector and passed on by said board. Held, that this is not permissible under section 14, Customs Administrative Act June 10, 1890 (26 Stat. 137, c. 407 [U. S. Comp. St. 1901, p. 1933]), which prescribes that the decision of the collector "shall be final and conclusive, * * * unless * * * within ten days after, but not before," liquidation of the importer's entry, the importer shall file with the collector a protest "setting forth therein * * * the reasons for his objections" to the assessment.

3. SAME—CONSTRUCTION OF PROTEST—COMPANION PROTEST—PLEADING.

The Board of General Appraisers had before it several protests relating to the classification of certain merchandise, one of which stated objections to the collector's assessment that were not stated in the other protests. Held, that the presence of the former protest was of no moment as affecting the construction of the latter protests.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Appeal by the United States from the decision of the Circuit Court (122 Fed. 968) reversing a decision of the Board of General Appraisers which affirmed the assessment of duty by the Collector of Customs at the port of Philadelphia.   Note United States v. Knowles, 122 Fed. 971;   United States v. Shea, 114 Fed. 40, 51 C. C. A. 664; United States v. Hunter (C. C.) 124 Fed. 1005;   Weil v. United States (C. C.) 124 Fed. 1006, and G. A. 4,712.

James B. Holland and Wm. M. Stewart, for appellant.

Alfred Driver, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge.   H. Bayersdorfer & Co., at various dates in the year 1899, imported into the port of Philadelphia certain bleached wheat stems or wheat heads, which the collector assessed for customs duty at the rate of 25 per centum ad valorem, under paragraph 251 of the tariff act of 1897 (by application of the similitude clause of the act) as in the class of "natural flowers of all kinds, pre-

served or fresh, suitable for decorative purposes." Paragraph 251 is as follows:

"251. Orchids, palms, dracaenas, crotons and azaleas, tulips, hyacinths, narcissi, jonquils, lilies-of-the-valley, and all other bulbs, bulbous roots, or corms, which are cultivated for their flowers, and natural flowers of all kinds, preserved or fresh, suitable for decorative purposes, twenty-five per centum ad valorem." Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650].

In respect to each of the importations in question the importers filed a protest, addressed to the collector, against his action, setting forth therein the reasons for their objections to his decision in the words following:

"We claim that your assessment of duty at the rate mentioned is erroneous, for the reason that the goods are free of duty as provided for in paragraph 617 of the act of July 24, 1897, or in accordance with paragraph 548 of said act. If not free of duty, we claim that they are subject to a duty of ten per centum as nonenumerated unmanufactured articles, or at twenty per centum as nonenumerated manufactured articles, in accordance with section 6 of the act of July 24, 1897."

The following are the provisions of the tariff act to which reference is made in the foregoing protest:

"617. Moss, seaweeds and vegetable substances, crude or unmanufactured, not otherwise specially provided for in this act." Section 2, Free List, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685].

"548. Drugs, such as barks, beans, berries, balsams, buds, bulbs and bulbous roots, excrescences, fruits, flowers, dried fibers, and dried insects, grains, gums, and gum resin, herbs, leaves, lichens, mosses, nuts, nutgalls, roots and stems, spices, vegetables, seeds aromatic and seeds of morbid growth, weeds, and woods used expressly for dyeing; any of the foregoing which are drugs and not edible and are in a crude state, and not advanced in value or condition by refining or grinding, or by other process, and not specially provided for in this act." Section 2, Free List, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683].

"Sec. 6. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this act, a duty of ten per centum ad valorem and on all articles manufactured in whole or in part, not provided for in this act, a duty of twenty per centum ad valorem." 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

In due course this matter was brought before the Board of United States General Appraisers, who held that this merchandise did not come under any of the provisions of the tariff act specified in these protests and upon which the importers' claims were based. The board expressed the opinion that the merchandise in question came under paragraph 566 of the free list, but held that the collector's classification must stand, inasmuch as no claim was made by the importers under paragraph 566, but under other specified provisions of the act; and accordingly the board affirmed the collector's decision. The importers appealed from the decision of the Board of General Appraisers to the Circuit Court, claiming in their petition to the court that the merchandise was free of duty under paragraph 566. That paragraph reads thus:

"566. Grasses and fibres: Istle or tampico fibre, jute, jute butts, manilla, sisal grass, sunn and all other textile grasses or fibrous substances, not dressed or manufactured in any manner and not specially provided for in this act." Section 2, Free List, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684].

In the court below the government contended (as it does here), first, that the importers upon their appeal to the court could not depart from or amend their protests against the classification and assessment by the collector of customs by setting up and claiming under a paragraph not mentioned or referred to in their protests; and, second, that the bleached wheat stems or wheat heads could not be classified properly under paragraph 566 of the act of 1897, and that the classification by the collector was correct. The Circuit Court, however, held that the protests were sufficient to enable the importers to avail themselves of paragraph 566, and that the classification should be made under that paragraph; and the court entered a decree reversing the decision of the Board of General Appraisers and in favor of the importers.

The fourteenth section of the act of June 10, 1890 (commonly known as the "Customs Administrative Act"), provides that:

"The decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges and as to all fees and exactions of whatever character (except duties on tonnage) shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee, or agent of such merchandise, or the person paying such fees, charges and exactions other than duties, shall within ten days after 'but not before' such ascertainment and liquidation of duties, as well in cases of merchandise entered in bond as for consumption, or within ten days after the payment of such fees, charges and exactions, if dissatisfied with such decision give notice in writing to the collector, setting forth therein distinctly and specifically and in respect to each entry or payment, the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained so to be due thereon." 26 Stat. 137, c. 407 [U. S. Comp. St. 1901, p. 1933].

In Re Collector of Customs (Sherman, et al., Importers) 55 Fed. 276, 5 C. C. A. 101, the United States Circuit Court of Appeals for the Second Circuit had occasion to examine and pass on this act, and particularly the fourteenth section thereof, and the court held that the Board of General Appraisers cannot go outside of the protest of the importer against an assessment by the collector, and find that the imported goods come within a class other than that specified in the protest. Speaking for the court, Judge Wallace there observed that Congress had reproduced in this section "the identical language as to the terms of the protest in the previous acts, and declared, as explicitly as could be done by language, that, in the absence of such notice, the decision of the collector should be final and conclusive"; and he added that "it must be presumed that this was done with the full understanding of the settled judicial construction of the provision under the previous acts of Congress, and therefore that Congress intended that the importer should be bound by his own statement of the objections to the collector's decision, and should not be permitted to depart from it by alleging subsequently any errors of fact or of law not substantially brought to the collector's attention by the terms of the notice." Congress, the court further said, "might have relieved the importer of any such condition as a prerequisite to his recovery, if it had seen fit; but it is plain that it intended only to change the nature of his remedy, without enlarging the previously existing con-

ditions precedent to his right of recovery." These views appear to us to be sound.

The ruling of the same court in the more recent case of Shaw v. United States, 122 Fed. 443, is not inconsistent with the opinion and judgment in the former case. In the latter case, by an obvious mistake, the protest referred to the act of August 27, 1894, c. 349, § 1, 28 Stat. 509, which had been superseded by the act of 1897. The provision in respect to the importation in the act of 1897 was identical with the provision in the act of 1894. It was impossible that the collector could have been misled, for he knew that the importation came under the act of 1897.

The accepted reasons for requiring that the importer's notice to the collector shall set forth "distinctly and specifically" his grounds of objection were stated by Mr. Justice Curtis in Warren v. Peaslee, 2 Curt. 231, 235, Fed. Cas. No. 17,198. Judge Curtis there said that the act "which requires a protest had two main objects in view, one being to apprise the collector of the objections entertained by the importer, before it should be too late to remove them, if capable of being removed; the other, to hold the importer to those objections which he then contemplated, and on which he really acted, and prevent him, or others in his behalf, from seeking out defects in the proceedings, after the business should be closed, by the payment of the money into the treasury." Upon this subject Mr. Justice Clifford, speaking for the court, in Davies v. Arthur, 96 U. S. 148, 151, 24 L. Ed. 758, said:

"Protests of the kind must contain a distinct and clear specification of each substantive ground of objection to the payment of the duties. Technical precision is not required; but the objection must be so distinct and specific, as, when fairly construed, to show that the objection taken at the trial was at the time in the mind of the importer, and that it was sufficient to notify the collector of its true nature and character, to the end that he might ascertain the precise facts, and have an opportunity to correct the mistake and cure the defect, if it was one which could be obviated."

These principles were restated by the Supreme Court in Herrman v. Robertson, 152 U. S. 521, 14 Sup. Ct. 686, 38 L. Ed. 538, and in Presson v. Russell, 152 U. S. 577, 14 Sup. Ct. 728, 38 L. Ed. 559, and were there applied.

As we read the case of United States v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167, no new rule in respect to the terms of protest was thereby enunciated. On the contrary, the court cited its previous decisions (including some we have referred to) as applicable to the act of June 10, 1890. Salambier's Case was decided upon its special facts. His protest set forth "that the said goods under existing laws are dutiable at two cents per pound, and the exaction of a higher rate is unjust and illegal." The only thing urged against this protest was that it did not, by number or otherwise, specify the paragraph relied on. The omission was held not to be fatal. Mr. Justice Shiras, speaking for the court, said:

"The collector could not have been perplexed by the omission to name the specific paragraph which the importer sought to have applied, for there were but two paragraphs besides 239 [Act Oct. 1, 1890, c. 1244, § 1, Schedule E, 26 Stat. 584], which dealt with the subject, namely, paragraphs 318 and 319

[section 1, Schedule G, 26 Stat. 588]; and under either of them the duty was that claimed by the importer, two cents per pound."

But the protests in question here not only failed to call the collector's attention to the paragraph which it is now claimed governed, but the importers based their objections upon other specified provisions of the act, under which they claimed that the merchandise was either entitled to free entry or was subject to a less rate of duty than the collector had assessed. Having regard to the terms of these protests, how can it be said that an objection which is grounded upon a paragraph not therein mentioned or referred to was at the time in the mind of the importers, or that it was so "distinctly and specifically" brought to the notice of the collector as to apprise him of the "true nature and character" of the objection, "to the end that he might ascertain the facts, and have an opportunity to correct the mistake"?

The decision in Herrman v. Robertson, supra, touches very closely the case we have in hand. It was there held that the importer's protest was defective and insufficient in that it failed to point out or suggest in any way the provision which actually controlled, and in effect only raised the question which of two clauses, under one or the other of which it was assumed that the importation came, should govern as being most applicable. 152 U. S. 521, 14 Sup. Ct. 686, 38 L. Ed. 538. It is significant that in the opinion in United States v. Salambier Mr. Justice Shiras distinguished the protest then before the court from the protest in Herrman v. Robertson.

Upon the whole it is our conclusion that, as paragraph 566 was not mentioned or suggested in the protests here involved, but the importers' claims were based on other specified clauses, the Board of General Appraisers rightly held that paragraph 566 was not available to the importers, and we think that the decision of the board sustaining the action of the collector should have been affirmed by the court.

It is a matter of no moment here that another protest by these importers, referring to paragraph 566, was before the Board of General Appraisers at the time when they made their decision. That protest is not before us, nor is it in this record. At what date it was filed does not appear. It is not shown to have had any connection whatever with the protests which are the subject of this appeal. Undoubtedly it related to another importation, and concerned a distinct entry made at a different time from the entries involved here.

Our judgment upon the main question in this appeal being with the government, we deem it unnecessary to consider the other question raised by the government, namely, whether paragraph 566 of the act of 1897 is properly applicable to this merchandise.

The decree of the Circuit Court is reversed, and the decision of the Board of United States General Appraisers is affirmed.