<hr/>

### In re SOLVAY PROCESS CO.

(Circuit Court, N. D. New York. January 18, 1905.)

#### No. 25.

1. CUSTOMS DUTIES—PROTEST—DEFINITENESS—NEED TO SPECIFY OBJECTIONS.

    Under section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1933], requiring that a protest against the decision of a collector of customs regarding the duty on imported merchandise shall state "distinctly and specifically * * * the reasons for" importer's objections to such decision, the Board of General Appraisers and the courts should pass only upon the correctness of the allegations in the protest, rather than on the merits of the case, and, where merchandise is classified incorrectly, may not impose the correct duty unless the importer has specifically pointed out in his protest, in substance or effect, the error made, and the provision of law under which the assessment should have been made.

On Application for Review of a Decision of the Board of General Appraisers.

This case involves the question of the sufficiency of a protest against the assessment of duty on imported merchandise, and requires a construction of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1933], which provides that a protest against the assessment of duty by a collector of customs must set forth "distinctly and specifically * * * the reasons for" the importer's objections to the assessment.

This is an appeal by the Solvay Process Company for a review of the decision of the Board of United States General Appraisers imposing a duty of 35 per centum ad valorem, under Tariff Act July 24, 1897, c. 11, § 1, par. 97, Schedule B, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], upon fire brick over 10 pounds in weight, designed for linings to retort coal ovens. This duty was assessed, and the Board of General Appraisers affirmed the action of the collector at Syracuse, N. Y., in imposing this rate of duty, notwithstanding the decision of the Circuit Court, Southern District of New York, in Wing et al. v. U. S., decided December 10, 1902, and reported 119 Fed. 479, and from which decision the United States did not appeal.

James R. Ely, for importers.
George B. Curtiss, U. S. Atty.

RAY, District Judge. This court follows the decision of Townsend, Circuit Judge, in Wing et al. v. U. S. (C. C.) 119 Fed. 479, holding that the merchandise in question is dutiable under subdivision 87, § 1, Schedule B, c. 11, of the Tariff Act of 1897, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], as "fire brick, weighing not more than ten pounds each, not glazed, enameled, ornamented or decorated," but cannot apply that decision to this case, for the reason that the protest is insufficient to raise the question. The protest says:

"We hereby protest against your decision and assessment of duties as made by you at 35 per centum ad valorem on our importations of pieces of wrought clay or earth, being clays or earths, wrought or manufactured, ex S/S St. Cuthbert overland from New York entered at your port on the 30th day of March, 1899 (Consumption Entry No. 181), claiming that under existing law the said merchandise is not dutiable at 35 per centum ad valorem, or at any rate of duty whatsoever under the provisions of any law now in force, and that such merchandise should have been admitted by you free of duty; and further protesting against your decision and assessment of duties as made by you, as hereinabove set forth, we claim that, if said goods are dutiable at all, they are dutiable as 'clays or earths, wrought or manufactured,' at two (2.00) dollars a ton, under paragraph 93 of an act approved July 24, 1897, entitled 'An act to provide revenue for the government and to encourage the industries of the United States,' and not at 35 per centum ad valorem, as charged by you; and we give notice," etc.

There is no suggestion in this protest of a claim that the duties on the merchandise in question should have been assessed under paragraph 87 of the act, but it is claimed, first, that they should be admitted free of duty, and, second, that the duty should have been assessed at two dollars a ton under paragraph 93. It was on this protest that action was taken, and in the matter of this protest the Board of United States General Appraisers said:

"In these cases the surveyor reports that the merchandise consists of fire brick for lining coke ovens. The goods were assessed for duty under paragraph 97 of the tariff act of 1897. The importers claim that the goods are free, or that they are dutiable as clays or earths, wrought or manufactured, under paragraph 93 of said act. These claims are manifestly untenable, and are overruled. The decision of the collector is affirmed. In re Solvay Process Co., G. A. 5,261 (T. D. 24,159)."

In Herrman v. Robertson, 152 U. S. 521, 14 Sup. Ct. 686, 38 L. Ed. 538, the court held, in an action brought by the importer to recover the excess of duties demanded and collected, that the protest was defective in that it failed to point out or suggest in any way the provision of law which actually controlled the assessment of duties, and that such protest in effect only raised the question which of two clauses, under the one or the other of which it was assumed that the importation came, should govern as being most applicable.

In U. S. v. Bayersdorfer, 126 Fed. 732, 62 C. C. A. 16, the Circuit Court of Appeals, Third Circuit, held that a protest cannot be amended, and that, where several protests relating to the classification of certain merchandise were before the Board of General Appraisers, one of which stated objections not appearing in the others, that the presence of this protest stating the additional objections was of no moment as

affecting the consideration of the other protest. It was also held that a protest must be overruled, even though the assessment of duty is clearly erroneous, where the protest made points out the wrong paragraph, clause, or section of the act as the one under which the assessment of duty should have been made. The same doctrine was held in U. S. v. George Knowles & Son, 126 Fed. 737, 62 C. C. A. 62. We find the same doctrine enunciated in the following cases: In re Sherman (C. C.) 49 Fed. 224, affirmed in Sherman v. U. S., 55 Fed. 276, 5 C. C. A. 101; Tuska v. U. S. (C. C.) 84 Fed. 442. See, also, In re Guggenheim Smelt. Co., 112 Fed. 517, 50 C. C. A. 374. In the case at bar the protest fails to point to the proper subdivision under which the duty on these goods should have been assessed, and does not name the correct rate of duty as fixed by Townsend, Circuit Judge, in Wing et al. v. U. S., supra. The case is not within U. S. v. Shea, Smith & Co., 114 Fed. 38, 51 C. C. A. 664, nor is it within U. S. v. Salambier, 170 U. S. 621, 18 Sup. Ct. 771, 42 L. Ed. 1167.

It is stated that the case at bar was held up by the Board of General Appraisers pending the decision of Wing et al. v. U. S. (C. C.) 119 Fed. 479, above referred to, and that, as the case was not decided by the Board of General Appraisers until after that decision was made, the Board of General Appraisers should have disregarded the defect in the protest, and should have sustained the same, even though it failed to comply with the provisions of the customs administrative act. The record upon which this court is called to act does not show such a holding up of the case. The court is impressed with the fact that the Board of General Appraisers knew at the time it rendered its decision in the case now under consideration affirming the action of the collector that the rate of duty assessed was not the correct rate; that the collector erred; and that the duty assessed and collected should have been imposed under paragraph 87, above referred to, and fully quoted in Wing et al. v. U. S., supra; but, notwithstanding this fact, cannot disregard the holdings of the courts in the cases cited, or the provisions of the customs administrative act to which attention is called in those cases. It does not seem to be left to the Board of General Appraisers on appeal from the collector to impose the correct rate of duty when they know what the correct rate is, even as established by decisions of the court, unless the importer has pointed out specifically, in substance or effect, the error made, and the section, clause, or subdivision of the law under which the assessment ought to have been made. It seems to be the policy of the law, as enunciated in the decisions, to have the Board of Appraisers and the Circuit Court pass upon the correctness of the allegations of the protest, rather than on the merits of the case, even when the merits are perfectly apparent and gross injustice will be done by failing to correct the action of the collector. In this case the government has acquiesced in the correctness of the decision of Judge Townsend in Wing et al. v. U. S., supra, as no appeal was taken, and the Board of General Appraisers, when they affirmed the action of the collector in this case, knew that the merchandise in question ought to have been held liable to duty under paragraph 87, and not under paragraph 97. However, under the decisions quoted, the board was not at liberty to sustain the protest, inasmuch as the importer had made

a mistake in pointing out the paragraph under which duty ought to have been assessed. Were it not for these decisions, this court would unhesitatingly reverse the decision of the Board of General Appraisers overruling the protest and sustaining the collector, but as it is feels bound reluctantly to affirm that action.

So ordered.