HERMANN BOKER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. June 1, 1905.)

No. 3,769.

CUSTOMS DUTIES—PROTEST—SUFFICIENCY.

Certain importers protested against the assessment of duty on an importation, stating in their protest merely the contention that the merchandise was dutiable under a certain paragraph of the tariff act, with no mention of the grounds of their objections or of the rate of duty claimed to be applicable, and the paragraph cited was the one under which duty had been assessed, and was a long one, containing many subdivisions and different rates of duty. *Held*, that the protest was insufficient, under the rule in section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], that protests must be specific and distinct in the statement of objections to the assessment of duty.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,879, T. D. 25,892, which affirmed the assessment of duty by the collector of customs at the port of New York. The article in controversy consisted of nickel wire, filled with iron or steel, which was classified under the provision in paragraph 137, Tariff Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], for "wire not specially provided for." The only claim stated in the importers' protest was that the goods were dutiable under said paragraph 137. This paragraph is a long one, containing many subdivisions, specifying many different articles, and providing numerous different rates. The board held that the protest did not

satisfy the requirements of section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], which prescribes that in making protests against the assessment of duty by collectors of customs an importer shall set "forth therein distinctly and specifically * * * the reasons for his objections." It was observed in the opinion of the board (Fischer, General Appraiser): "The protests nowhere mention any rate of duty other than that assessed, nor do they set forth any fact or claim which could guide the collector in determining what it is they claim. The protests are faulty in that if they were sustained in the terms of the protests themselves the importers would obtain no relief, for no reliquidation would be thereby necessitated."

Walden & Webster (Howard T. Walden, of counsel), for the importers.

Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The sole question herein relates to the sufficiency of the protest. Duty was assessed under paragraph 137 of the act of July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1639], at 45 per cent. ad valorem. The importer protested, stating as follows: "We claim that the said goods are properly dutiable under the provisions of paragraph 137 of the tariff act of July 24, 1897." The paragraph is a long one. The protest fails to state on what grounds the objection is made, or what rate of duty is claimed. It is therefore insufficient, within the rule that "the importer shall set forth in his protest distinctly and specifically the reasons for his objections to the assessment." U. S. v. Bayersdorfer, 126 Fed. 732, 62 C. C. A. 16.

The decision of the Board of General Appraisers is affirmed.