(C. D. 1762)

ORIENTAL MERCANTILE CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 9, 1956)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before EKWALL, JOHNSON, and DONLON, Judges

DONLON, Judge: By stipulation, dated October 22, 1955, counsel withdrew the previous submission of these cases and resubmitted the protests to the third division as now constituted.

On plaintiff's motion, without objection by defendant, these protests were consolidated for purposes of trial.

The merchandise, described as dried okra and imported from Syria in 1952, was classified by the collector as vegetables, prepared or preserved, not specially provided for, dutiable at 35 per centum ad valorem under paragraph 775 of the Tariff Act of 1930. Plaintiff's protests claim, first, that the merchandise is dutiable at 17½ per centum ad valorem under paragraph 775, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909; and, second, that the merchandise is dutiable at 25 per centum ad valorem under paragraph 774 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, as vegetables in their natural state, not specially provided for.

Plaintiff's first protest claim was not pressed at the trial. The reduced rate of 17½ per centum, negotiated with the Republic of China, had been terminated by the President's proclamation of October 12, 1950, T. D. 52587, effective prior to the date the merchandise was entered. Plaintiff, therefore, proceeded on trial solely on the claim that dried okra should be classified as a vegetable in the natural state.

There appears to be no dispute as to the facts. This merchandise is dried okra. The process which changed it from green okra to dried okra preserved it. As green okra, it would mold after a week. The stems are cut off the pods. Then the pods are strung. The method of stringing not only makes it possible for the okra to dry evenly and without deterioration, but is favorable also to shipping and merchandising the dried okra. The drying process is done under cover, in a shed, and not in the sun. This is in substance the testimony of plaintiff's witness, duly qualified as experienced in the matters concerning which he testified.

Unless there is some provision to the contrary, it would seem that this dried okra is "preserved" and, not having been specially provided for, it would seem properly to be classifiable under paragraph 775, which is the classification assigned to the merchandise by the collector in liquidating the entries.

The gravamen of plaintiff's argument is that this issue has been litigated over a considerable period of time, which is true; that an early decision of the Federal Circuit Court (*Kraut* v. *United States*, 139 Fed. Rep. 94, T. D. 26161, 1905) held that the drying of mushrooms did not change mushrooms from vegetables in the natural state into vegetables, prepared or preserved; that the Board of General Appraisers thereafter applied the reasoning of the *Kraut* case to various other dried vegetables; that Congress from time to time during this period enacted new tariff acts; that Congress is presumed to have adopted the construction of the *Kraut* decision; and that the drying of okra is not, therefore, to be construed as preserving the green okra,

within the meaning of paragraph 775, but rather as leaving the green okra in its natural state, within the meaning of paragraph 774.

The decision of the Federal Circuit Court in the *Kraut* case leans heavily on a much earlier Federal Circuit Court decision, *Frazee et al. v. Moffitt*, 18 Fed. Rep. 584 (1882). The issue in the *Frazee* case was not, however, construction of the expressions "in their natural state" and "preserved," as in the instant case. The merchandise in the *Frazee* case was hay; the issue was whether hay was dutiable as a non-enumerated "raw or unmanufactured" article or as a nonenumerated "manufactured" article; the collector moved for a directed verdict, arguing that the undisputed evidence showed that hay was a "manufactured" article, and the court ruled unfavorably to the collector on this motion. Thus, the issue decided in the *Frazee* case was that the record did not show that hay was a "manufactured" article, within the meaning of the tariff act, as revised March 2, 1861, section 2516 Revised Statutes. The collector moved for a new trial on the ground of error in the ruling on his motion for a directed verdict, and this motion the court denied in the decision which is reported in 18 Fed. Rep., *supra*.

In order to bring into perspective the *Kraut* decision, which rested so largely on the *Frazee* case, it is worth while to quote the language of the court in the *Frazee* case, language which the Circuit Court thought, in the *Kraut* case, to be "very satisfactory reasoning" as to the process of evaporation, or drying vegetables.

* * * Many articles are properly called raw which have undergone some ma-nipulation. Cotton is picked from the bolls, and cleaned by ginning, and baled. Yet it is raw cotton in the bale. Wheat is cut, and the grains are threshed out, and then subjected to a cleaning machine, and then bagged. Yet it is raw wheat in the bag. So with other grains. The cotton and the grains undergo such change and preparation as exposure to light, and natural or artificial heat, and air, and the manipulation they receive, produce or allow, be it more or less. Yet neither the cotton nor the grains would be said to be manufactured. Salt and sugar are new articles. Cotton and grains are the same articles they were when on the plant with its roots in the earth. So hay is the same article it was when it was stalks of grass with roots in the earth. It is dried, to be sure; but the drying and any conversion of starch into sugar are mere incidents of the necessary cutting to enable it to be stored for food in latitudes where grass cannot be found all the year round. Where it can be so found no hay is stored. Dried apples would not be called a manufactured article, though the apple is peeled and cored and sliced, and dried by exposure to the sun and manipulation. The substance of dried apples is still apples. The substance of dried grass or hay is still grass. Change of name and manipulation do not necessarily constitute manufacture, within the meaning of section 2516. Each case must be decided according to its own cir-cumstances. The verdict of the jury in this case was a correct one, under the foregoing views, and the motion for a new trial is denied.

It may be noted that in 1882, the year of the *Frazee* decision, there was no such tariff provision as we are here called upon to construe.

While there was a provision for prepared vegetables, the provision for vegetables, prepared or preserved, was new in the Tariff Act of 1883.

The Board of General Appraisers, construing the 1883 provision and like provisions in later acts, had consistently held, until the *Kraut* decision came down, that dried vegetables were "prepared or preserved" vegetables, within the meaning of the tariff acts, and not vegetables in their natural state. *Yee Wo Chan et al.* v. *United States*, 6 Treas. Dec. 341, T. D. 24370, G. A. 5326 (1903) (dried vegetables); *Kimura* v. *United States*, 4 Treas. Dec. 897, T. D. 23363, G. A. 5025 (1901) (dried vegetables); *L. Gandolfi & Co.* v. *United States*, 7 Treas. Dec. 327, T. D. 25065, G. A. 5599 (dried mushrooms); reversed on appeal, *Kraut* v. *United States*, *supra*.

Three decisions relevant to development of case law on the issue now before us were handed down between the *Frazee* and the *Kraut* decisions. One was a Supreme Court decision, *Presson* v. *Russell*, 152 U. S. 577 (1894); the second, a decision of the Federal Circuit Court for the Southern District of New York, *Alart et al.* v. *United States*, 61 Fed. Rep. 500 (1894); and the third, also in the Southern District of New York, *Petry* v. *United States*, 99 Fed. Rep. 261 (1900).

In the *Presson* case, the decision of the Supreme Court turned on the procedural deficiency of plaintiff's protest, but the court found that cod, cured in dry salt, was not "pickled cod," as the collector had classified the merchandise, but fish, "preserved," by being dry salted.

In the *Alart* case, decided shortly after the *Presson* case, the issue was whether cucumbers and cauliflowers, packed in salt, were vegetables in their natural state, as the plaintiffs contended, or vegetables, preserved, the basis on which the collector had assessed duty. Following the reasoning of the Supreme Court in the *Presson* case, the Circuit Court held the vegetables were "preserved."

The issue in the *Petry* case was whether sliced beets, kiln-dried, were vegetables in their natural state; vegetables, prepared; or vegetable substances, crude or unmanufactured. The court held they were "vegetables prepared."

In the *Kraut* case, as above noted, the Federal Circuit Court for the Southern District of New York held dried mushrooms to be "vegetables in their natural state," citing as authority the *Frazee* case, which 23 years earlier had held that hay was an unmanufactured article. The court mentioned also the *Petry* case, noting (and correctly in our view) that there is a "difference between slicing and kiln drying, as in Petry v. United States (C. C.) 99 Fed. 261, and mere evaporation" as in the *Kraut* case. However, the court failed to note that the *Petry* case held the beets to be prepared, as by slicing, and did not turn on whether or not the beets were preserved by kiln-drying.

Following the decision in the *Kraut* case, the Board of General Appraisers held that dried vegetables were vegetables in their natural

state. *Oriental Grocery et al.* v. *United States*, 10 Treas. Dec. 585, T. D. 26863, G. A. 6210 (1905) (dried okra pods in a whole state); *Domoto* v. *United States*, 13 Treas. Dec. 631, T. D. 28177, G. A. 6596 (1907) (sliced dried Japanese vegetables); *Shing Shun & Co. et al.* v. *United States*, 19 Treas. Dec. 982, T. D. 30944, Abstract 24009 (1910) (dried lily flowers, used as vegetables); *Tai Lung* v. *United States*, 20 Treas. Dec. 397, Abstract 24958 (1911) (dried lily flowers). In *John A. Conkey* v. *United States*, 54 Treas. Dec. 596, Abstract 6817 (1928) (dried okra pods), this court followed *Oriental Grocery et al.* v. *United States, supra.*

In the meantime, and subsequent to the *Kraut* decision, the Notes on Tariff Revision (1908), prepared for the use of the Committee on Ways and Means of the House of Representatives in its work of revision of the Tariff Act of 1897, contained this comment, at page 300:

Few provisions of the tariff law, if any, have suffered so severely at the hands of those who are charged with the interpretation of the law as the provision in paragraph 241 for vegetables prepared or preserved. Viewing the various decisions objectively, one would be led to believe that the peasants of Europe and Asia had performed exploits in agriculture which make the accomplishments of Burbank seem like child's play. All of the decisions cited which have been adverse to the Government's classification of vegetables have been under the present tariff law, though the corresponding provisions of the earlier acts, as far back as 1890, were couched in precisely the same language. It is instructive to note what a wide departure there has been from the earlier rulings in these matters.

\*      \*      \*      \*      \*      \*      \*

Further comment is unnecessary and useless. It is sufficient to say that the varying rulings are the cause of many incongruities and inconsistencies in the present state of the law. \* \* \*

One cannot read into this material, which was before Congress when it enacted the Tariff Act of 1909, any such approval as that for which plaintiff argues, of judicial decisions interpreting what are vegetables, prepared or preserved, and what are vegetables in their natural state.

When the rate on vegetables, preserved, fell below the rate on vegetables in their natural state under the Tariff Act of 1930, cases reopening the issue came before this court for decision. In a series of cases, this court followed our appellate court, in *United States* v. *Kagawa*, 5 Ct. Cust. Appls. 388, T. D. 34934 (1914) (dried fish), in which it was held that drying or evaporation, by heat of the sun or otherwise, is a process that preserves. Such cases include: *Shew Hing Lung & Co.* v. *United States*, 64 Treas. Dec. 768, Abstract 24624 (1933) (dried lily flowers); *Wing Yee Yuen Wah Kee Co.* v. *United States*, 64 Treas. Dec. 912, Abstract 25327 (1933) (dried lily flowers); *Sun Kwong On Co.* v. *United States*, 66 Treas. Dec. 991, Abstract 29022 (1934) (dried lily buds); *Marrash Bros.* v. *United States*, 68 Treas. Dec. 402, T. D. 47934 (1935) (that portion of the dried okra pod recovered by cutting around the base of the pod just above the stem);

*Quong Yu Wo* v. *United States*, 68 Treas. Dec. 668, T. D. 48003 (1935) (dried edible fungus or lichens); *A. Cassatly & Co. et al.* v. *United States*, 70 Treas. Dec. 982, T. D. 48720 (1936) (dried okra pods, not cut).

Such has now been the consistent interpretation of this court for more than 20 years. It represents, in our opinion, a considered and practical view of the delimitations contemplated by the wording of the two provisions before us.

Once again, there has been a shift in relative tariff rates. We see no reason, however, for the further oscillation which this plaintiff urges. While the green okra in the instant case was cut, our decision need not rest on a finding that this operation constituted preparation, within the scope of many decisions as to vegetables that have been sliced. We hold that, after drying, this okra was no longer in the state in which it was found in nature and that it then was, as testimony freely concedes, preserved. This merchandise was correctly classified by the collector under paragraph 775 as a vegetable, prepared or preserved. The protests are overruled. Judgment will be rendered accordingly.