EAC ENGINEERING, DIVISION OF the EAST ASIATIC COMPANY, INC. Plaintiff,

v.

The UNITED STATES of America, Defendant.

Court No. 82–1–00096.

United States Court of International Trade.

Nov. 26, 1985.

Metzger, Shadyac & Schwarz, Carl Schwarz, Washington, D.C., and Wesley K. Caine, McLean, Va., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty.-in-Charge, Intern. Trade Office, Commercial Litigation Branch, Jerry P. Wiskin, New York City, for defendant.

### Memorandum Opinion and Order

RE, Chief Judge:

This memorandum opinion and order is being issued to set forth an appropriate schedule to implement this Court's memorandum opinion and order dated October 24, 1985, *EAC Engineering Div. of the East Asiatic Co. v. United States*, 9 CIT ——, 623 F.Supp. 1255 (1985).

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from the Federal Republic of Germany, and described on the customs invoices as "spark detection systems." Customs had classified the merchandise as "optical instruments" under item 712.05, TSUS.

Plaintiff protested this classification, contending that the merchandise was properly classifiable under item 712.15, TSUS, as "Instruments and apparatus for measuring or detecting alpha, beta, gamma, X-ray, cosmic or similar radiations, and parts thereof." Alternatively, plaintiff claimed that the merchandise was classifiable under item 712.49, TSUS, a "basket" provision for electrical measuring and checking instruments, or under items 688.40 and 688.45, TSUS, depending on the year of importation, as electrical articles not specially provided for.

On the parties' cross-motions for summary judgment, this Court determined that the Customs Service's original classification of the imported "spark detectors" as "optical instruments" under item 712.05, TSUS, was incorrect. In its brief, the defendant conceded that, if the imported spark detectors had been improperly classified as "optical instruments," they were

classifiable as "other" electrical measuring, analyzing, or automatically controlling instruments and apparatus under item 712.-49, TSUS. Notwithstanding the concession, there was still a question whether the merchandise was properly classifiable under that "basket" provision, or under the more specific provision for radiation measuring or detecting equipment, item 712.15. Since material issues of fact pertaining to these alternative classifications remained unresolved, the Court remanded the action to the Customs Service. The remand was intended to permit the Customs Service to consider the plaintiff's proposed alternative classifications at the administrative level, and to determine the appropriate classification of the imported merchandise.

Remand to the Customs Service in a classification case is a novel procedure which had not been authorized prior to the Customs Courts Act of 1980. Hence, it is appropriate to set forth a procedure for the remand that will expedite resolution of the relevant issues, and conserve judicial and administrative resources.

Prior to the 1980 Act, the Court had no power to reclassify merchandise if the plaintiff's proposed classification was not proven correct, even when the government's classification was clearly incorrect. Since, under the former procedure the function of the Court was to pass upon the validity of plaintiff's protest, "rather than on the merits of the case," the court would overrule the protest "without affirming the classification." See, e.g., Mitsubishi International Corp. v. United States, 78 Cust.Ct. 4, 20, C.D. 4686 (1977); In re Solvay Process Co., 134 Fed. 678, 680 (C.C. N.D.N.Y.1905). In order to remedy the unfairness that on occasion resulted from this rule, Congress amended the statute to mandate that a correct classification be reached in every case. EAC Engineering, supra, 9 CIT at ——, 623 F.Supp. 1255. To achieve this result, the Court itself may determine the correct classification, or remand the case to the administrative agency. Id. (quoting Jarvis Clark Co. v. United States, 733 F.2d 873, 878 (Fed.Cir. 1984)). In Jarvis Clark Co. v. United

States, 733 F.2d 873 (1984), the Federal Circuit explained: "By granting the power to remand or to retry an action, § 2643(b) eliminates the dual burden's potential for unfairness while providing the government an opportunity to develop evidence as to classifications not previously considered." Id. at 877.

In this case, since material issues of fact remained unresolved, the Court remanded the case to allow the Customs Service, in the first instance, to consider the plaintiff's proposed alternative classifications, and determine the appropriate classification of the imported merchandise. The remand was intended to permit the agency to exercise its expertise on the questions presented, and to conserve judicial and administrative resources. Thus, even if the plaintiff were to challenge Custom's determination on remand, and the proper classification would ultimately have to be judicially decided, the Court would nevertheless benefit from the administrative consideration and determination.

■ As a general principle of administrative law, a court remanding an action to an agency usually will allow the agency to determine the proper procedure or method to effectuate the court's order. See, e.g., FPC v. Transcontinental Gas Pipe Line Corp., 423 U.S. 326, 333, 96 S.Ct. 579, 583, 46 L.Ed.2d 533 (1976); Freeport Minerals Co. v. United States, 758 F.2d 629, 636 (Fed.Cir.1985); cf. Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519, 544–45, 98 S.Ct. 1197, 1211–12, 55 L.Ed.2d 460 (1978). In this case, however, in order to permit the most efficient and economic resolution of this dispute, it is appropriate for the Court to retain jurisdiction, and to set forth a schedule for the remand.

■ If the classification issue remains in dispute after Customs' redetermination, it would be an unnecessary waste of judicial and administrative resources to require Customs to reliquidate the merchandise, and the plaintiff to file a second protest and commence a new action in order to

obtain judicial review. By retaining jurisdiction, the Court does not intend to interfere in any way with the agency's procedures or processes for determining the proper classification of the merchandise on remand. Rather, the retention of jurisdiction will permit the classification issue, if it is still in dispute, to be judicially decided without unnecessary cost and delay. To require the parties to repeat the normal or usual procedural formalities would be little more than an empty and costly gesture that would frustrate a major purpose in remanding the action, that is, the expeditious resolution of this dispute. Accordingly, it is hereby

ORDERED that the Customs Service shall determine the proper classification of the merchandise that is the subject matter of this action, and shall notify the plaintiff and this Court in writing of its determination within 60 days of the date of this order. It is further

ORDERED that the plaintiff, if it is dissatisfied with Customs' determination, shall have 30 days from the date of service of Customs' determination on remand within which to file a motion for summary judgment, or a proposed scheduling order pertaining to the further prosecution of this action; and it is further

ORDERED that if the Plaintiff does not file a motion for summary judgment or a proposed scheduling order within 30 days of service of Customs' determination, this Court shall enter a final judgment ordering Customs to reliquidate the subject merchandise in accordance with Customs determination on remand.

So ordered.