## EAC ENGINEERING DIVISION OF the EAST ASIATIC COMPANY, INC., Plaintiff,

### v.

## The UNITED STATES of America, Defendant.

### No. 82-1-00096.

United States Court of International Trade.

March 20, 1986.

Metzger, Shadyac & Schwarz (Carl Schwarz and Wesley K. Caine), Washington, D.C., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, New York City (Florence M. Peterson), for defendant.

RE, Chief Judge:

This action is before the Court pursuant to the Court's order of remand dated November 26, 1985, *EAC Engineering Div. of the East Asiatic Co. v. United States,* 9 CIT ——, 624 F.Supp. 569 (1985).

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from the Federal Republic of Germany, and described on the customs invoices as "spark detection systems." The mer-

---

chandise was classified by the Customs Service as "optical instruments" under item 712.05 of the Tariff Schedules of the United States (TSUS). Consequently, the merchandise was assessed with duty of 25 per centum ad valorem.

Plaintiff protested this classification, contending that the merchandise was properly classifiable under item 712.15, TSUS, as "Instruments and apparatus for measuring or detecting alpha, beta, gamma, X-ray, cosmic or similar radiations, and parts thereof," with a duty rate of 6.7 per centum ad valorem in 1980 and 7 per centum ad valorem in 1979. Alternatively, plaintiff contended that the merchandise was classifiable under either item 712.49, TSUS, a "basket" provision for electrical measuring and checking instruments, or under items 688.40 or 688.45, TSUS, depending upon the year of importation, as electrical articles not specially provided for.

On the parties' cross-motions for summary judgment, this Court determined that the Customs Service's original classification of the imported "spark detectors" as "optical instruments" under item 712.05, TSUS, was incorrect. *EAC Engineering Div. of the East Asiatic Co. v. United States*, 9 CIT —, 623 F.Supp. 1255, 1261 (1985). Since material issues of fact pertaining to the plaintiff's proposed alternative classifications remained unresolved, the Court remanded the action to the Customs Service. The remand was intended to permit the Customs Service to consider the alternative classifications at the administrative level, and to determine the appropriate classification of the imported merchandise. In order to ensure expeditious resolution of this dispute, the Court retained jurisdiction over the action.

On remand, the Customs Service determined that the imported merchandise was properly classifiable under items 688.40 or 688.45, TSUS, depending upon the year of entry, as electrical articles not specially provided for. Plaintiff has advised the Court by letter that it is "fully satisfied" with Customs determination.

Based upon the Customs Service's determination on remand, and plaintiff's agreement that the imported "spark detectors" should be classified as electrical articles not specially provided for, it is hereby

ORDERED that the Customs Service reliquidate the subject merchandise under either item 688.40 or item 688.45, according to the date of entry.

SO ORDERED.